**FILED**

In The United States District Court
For The District Of Columbia

JUN 20 2008

**Clerk, U.S. District and
Bankruptcy Courts**

Carlos-Jorge: Hinojosa

(AFFIANT/PLAINTIFF)
*909 E. Liberty*
*MERCEDES, TEXAS*
*78570*

Case: 1:08-cv-01072
Assigned To : Kennedy, Henry H.
Assign. Date : 6/20/2008
Description: Civil Rights-Non-Employ.

Vs.
(DEFENDENTS)

#_____

| Micheal Makuski | Michael T. Shelby | Hilda Tagle | Michael Milby |
|---|---|---|---|
| U.S. Attorney General | Asst. U.S. Attorney | d.b.a. Judge | Clerk of the Court |
| U.S. Dept. of Justice | HWY 83 West & 17½ St. | 600 E. Harrision St. | 600 E. Harrision St. |
| Washington, D.C. | McAllen, Texas | Brownsville, Texas | Brownsville, Texas |
| 20530-0001 | 78502 | 78502 | 78502 |

C O M P L A I N T
By Special Appearance
"Independent Action"

Brought to Vacate Void Judgment Due to Lack of Subject Matter
Jurisdiction Pursuant to Federal Rules of Civil Procedure, Rule
60(b)(4)     **(PETITIONER REQUIRING ARTICLE III REVIEW)**

Petitioner, Carlos-Jorge of the Hinojosa family, a Citizen
of the Republic of Texas, an inhabitant, sovereign lawful man
(Secured Party) of the de jure united States, herein **pro-per**,
(in his proper person), **NOT** pro-se, (on behalf of), and brings
this **Independent Action**, not a motion, to vacate the Civil Judg-
ment in a Criminal Case, issued from an administrative Federal
District Court, operating as a "State Court," on behalf of, and
under  the Local Civil Rules of the District of Columbia, due to
a Lack of Subject Matter Jurisdiction, in the Southern District



of Texas, Brownsville, Texas [78520], Civil No. <u>03cr1010-01</u>

This **independent action** arises under the Fifth, Sixth, and Fourteenth Amendments to the Constitution for the United States. Therefore, it is an <u>original civil process</u>, pursuant to Title 28, Section 1914(a), that requires a three hundred and fifty dollar filing fee, which has been included.

## Jurisdiction of This Article III Court

While this petitioner's criminal case was conducted in an executive styled Federal District Court utilizing the Civil law mode of criminal procedure, on behalf of this legislative state of the District of Columbia, special <u>notice</u> should be taken to the caption of this independent action, which is specifically directed to the Article III district court of the United States pursuant to <u>Mookini</u>:

> The term "District Courts  of the United States,"
> as used in the rules, without an additional exp-
> ressing a wider connotation, has its historical
> significance. it describes the constitutional
> courts created under Article III of the Consti-
> tution. Courts of the Territories are legislat-
> ive courts, properly speaking, and are not Dis-
> trict Courts of the United States. <u>Mookini v.</u>
> <u>U.S.</u>, 303 U.S. 201 (1938), 82 L.Ed. <del>748, 58 S.Ct.</del>
> <del>543.</del>

The federal district courts are courts of very limited jurisdiction but nonetheless empowered to make a lawful determination as to the existence of subject matter jurisdiciton, when the abscense of it, would infringe on the substantial rights of a sovereign citizen. **Such is the case here.**

(See attchment of Sovernty enclosed)



Recently, the Supreme Court has expressed that the Federal Rules of Civil Procedure, Rule 60(b) <u>can be used</u> procedurally to address <u>subject matter jurisdiction</u> concerns and remains available for use on **void** judgments.

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effects of a defalut judgment mistakenly entered against them... a function as legitimate in habeas cases as in run-of-the-mine civil cases. **The Rule also preserves parties' opportunity to obtain vacature of a judgment that is void for lack of subject matter jurisdiction** - a consideration just as valid in habeas cases as in any other since absence of jurisdiction althogether deprives a federal court of the power to adjudicate the rights of the parties. (Emphasis added). <u>Gonzalez v. Crosby</u>, (2005) 162 L.Ed.2d at 94

The <u>Gonzalez</u> court becomes even more noteworthy since it deals with the rights of an individual who had already filed a Title 28, United States Code, Section 2254 habeas petition and was facing the AEDPA restrictions for filing a second or successive petition. The United States Supreme Court has now made it abundantly clear that there are <u>no procedural barriers</u> for vacating judgments void for lack of subject matter jurisdiction and Rule 60(b) remains available for that purpose.

The very last sentence of Federal Rules of Civil Pr ocedure, Rule 60(b) states: "relief from a judgment shall be by motion as prescribed in these rules of by **independent action**" Bills of review, writs of coram vobis, and other common law remedies are abolished and relief for an invalid or void judgment must be secured by use of Rule 60(b).

That being said, petitioner presentes this independent action via Rule 60(b)(4), due to a civil judgment (in a so-called criminal case), completely void of all subject matter jurisdiction.



In essence this Rule 60(b) action is a "writ of error" or "writ of right" sounding at law, not in equity. While this petitioner is looking for equitable relief, that is far different than a request for "in equity" relief.

Petitioner has never raised any of the jurisdictional issues contained within this Rule 60(b) action on either direct appeal or under Title 28, United States Code, Section 2255 motion. Since 28 U.S.C., §2255 was enacted as an additional judicial remedy, by the 80th Congress, it is completely inadequate, even if releif by Rule 60(b) wasn't available. Under the 1976 Adoption of the "Rules Governing Section 2255 Proceedings," it is clearly stated, "a motion under §2255 is a further step in the movant's criminal case and not a sperate civil action." The moment the trial court allows a seperate civil docket number to be entered on a submitted §2255 motion, it is admitting that it is a quasi-judicial entity which does not have the jurisdiction to address the manifest con- stitutional injustice this Rule 60(b) action raises. For those who carefully read the law, not only is the assignment of a "designated related case" civil docket number, prima facie proof of the trial court's lack of jurisdiciton, the Rules Governing §2255 proceed- ings make it obvious that motions by Section 2255 have become an exercise in futility.

Simply compare Rule No. 1, which requires filing into an Article III district court, with Rule No. 4 which requires the clerk to foward the §2255 motion to the judge who conducted the trial and sentencing proceedings for screening. The trial/sente- ncing judge or "Judicial Officer," was not operating pursuant to



Article III, so compliance with Rule No. 1 is an impossibility, hence the assignment of the civil number, which isn't <u>authorized</u> in both the §2255 statute or the Rules Governing §2255 proceedings. If anything, Rule 60(b) appears to be the modern day substitute for what §2255 was suppose to accomplish.

While this independent action may appear to be "habeas" in nature, the application of Rule 60(b)(4) is quire appropriate pursuant to <u>Gonzalez</u>, supra, for judgments void for lack of subject matter jurisdiciton. A void judgment is always void, regardless of any other factors, and there are no time restrictions for filing an independent action pursuant to Rule 60(b)(4). <u>In addition, the burden of proof of demonstrating that subject matter jurisdiciton ever existed falls squarely on the shoulders of the respondent</u>. Moreover, since subject matter jurisdiciton is an essential fundamental element to any proceeding, the judge made doctrine of procedural defalut is inapplicable and the district court of the United States does have jurisdiciton to address the multiple due process violations this independent action raises. The "Erie Doctrine," the "Rule of Dicision Act," and the four catagories of "Absetention" are eqully inapplicable in this matter. <u>Specialized fedeal common law</u> and both the written and unwritten policies of the State of the District of Columbia should be enjoined.

## Standing of Petitioner Requiring Article III Review

1. Petitioner was born in a sovereign union state and is domiciled in a union state makin him a soverign citizen of the united States pursuant to the Fourteenth Amendment.

2. As a soverign civizen of the united States, this petitioner is guaranteed due process of law in the Fifth and Fourteenth Amendment to the Constitution.

3. As a sovereign citizen this petitioenr is guaranteed "Trial by Jury" in the Sixth Amendment and Article III of the Consitution.

4. As a sovereign citizen this petitioenr is guaranteed to retain all of his rights no enumerated in the Constitution pursuant to the Ninth Amendment. This especiall pertains to the wrongful use of presumptions by the Legislative State of the District of Columbia. (See attachments of Sovereign documentation of petitioner.) (Also see Texas Rule 52 and 93 )

5. Petitioner maintains no continouus or statematic contact with the District of Columbia, beyond that of a casual relationship.

6. Petitioner has no commercial activity within the District of Columbia.

7. Petitioner bears no responsibility for any corporate bankruptcy he has not expressly signed. (1934 - "National Emergency")

8. Petitioner cannot lawfully be found in the jurisdiciton of the District of Columbia.

9. Petitioner is not a member or citizen of the administrative society, body politic, or unincorporated association commonly known as the United States of America , by presumption or



otherwise.

10. Petitioenr meets the "injury in fact" requirements set forth by the United States Supreme Court.

11. Petitioner maintains no aliases or "Legal Fictions." The use of an idem sonans or ens legis for this petitioenr is done without his consent and petitioner states herein, by specific negative averment, that only the real person, spelled properly in upper and lower case letters has <u>representative capacity</u> for this petitioenr, who is a natural person with unalienable rights. (See copyright under attachment).

12. Petitioenr is a "Foreign State" pursuant to Title 28, §1603 who has an actual controversy, not a civil dispute, with the "Legislative State" of the District of Columbia established at Title 4 §112(12).

13. Petitioner can not find, nor has any respondent, agent or the court produced any <u>PROOF OF CLAIM</u> that this petitioner knowingly or voluntarily signed an International Maritime contract, agreement or instrument that created the attachment of equity jurisdicion between the corporate UNITED STATES and petitioner, and I deny that it exists. (See affidavit of Denial of Corporate Existence under attachments).

14. See Louisiana Civil Codes under attachments.

15. See Civil Rule 52 Allenging A Corporation and under Civil Rule 93 Certain Pleas to be verified/**in the State of Texas.**



## CURRENT TEXAS RULES OF COURT RECOGNIZE A MAN'S RIGHT TO DENY CORPORATE EXISTANCE

In "The State of Texas" there are two (2) rules in the Texas Rules of Civil Procedures. There are:

1) Rule 52. ALLENGING A CORPORATION;

2) Rule 93. CERTAIN PLEAS TO BE VERIFIED.


### TRCP 52. ALLEGING A CORPORATION:

**"An allegation that a corporation is incorporated shall be taken as true, unless denied by affidavit of the adverse party, his agent or attorney, whether such corporation is a public or private corporation and however created."**

In an equity setting where there is a maritime contract in effect. only like entities can contract with each other. The entities I am talking about are "persons", entities in a subject to or for government position (citizens, body politic, corporations, members, employee's and any other man made legal fiction).

TRCP 93. CERTAIN PLEAS TO BE VERIFIED ("Motion to abate" Common Law)

**"A pleading setting up any of the following matters, unless the truth of such matters appears of record, shall be verified.**

1) That the plaintiff has no legal capacity to sue or that the defendant has no legal capacity to be sued. (SEE Civilly dead or Civil death)

2) That the plaintiff is not entited to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued."NOTE" Corporations, or members of a corporations as officer or employees of a corporation cannot sue a man who is of unlimited liability status. (See Sovereign Documents)

3) omitted

4) That there is a defect of parties, plaintiff or defendant.
(See Note #2 above)

5) omitted

6) That any party alleged in any pleading to be a corporation is not
incorporated as alleged. (See Note# 2 above)

## CIVIL CODES OF LOUISIANA

ART. 445. The Statutes and Regulations which corporations enact for
their police and discipline are obligatory upon all their
respective members who are bound to obey them, provided
such statutes contain nothing contrary to the laws, to
public liberty, or to the interest of others.

ART. 429. **Corporate existance presumed unless affifavit of denial
filed before trial.** On trial of any criminal case it shall
not be necessary to prove the incorporation of any corpor-
ation mentioned in the indictment, unless the defendant,
before entering upon such trial, shall have filed an aff-
idavit specifically denying the existance of such corporation.

These two simple paragraphs say it all. If one is a member of a
corporation he is bound by corporate rules and regulations, and those
corporations are not subject to their jurisdiction.  The corporate
status of an individual entering the court is automatically **assumed**
by the court unless they have notice to counter such assumptions,
and this is the purpose of the affidavit, (**SEE My Affidavits of
Denial of Corporate Existance**).  All of the socialistic programs,
integration of the races, the grab of power at all echelons of gov-
ernment, and all the other ills this nation are corporate "Enterprices".

One cannot escape the thumb of corporate authority until such time
as he has removed himself from the jurisdiction. We can view govern-
ment today as a corporate reality, where the Constitution is merely
a by word, or use of fiction, where the congress is the governors,
the president is the CEO, and the "COURTS" are mere corporate arbit-
ration boards, including the U.S. Supreme Court. When we pierce the
corporate veil and remove ourself from that corruptive venue we be-
come sovereign lawfull men again and cary with us our natural laws
and sovereignty, from whence the corporations receive their power
originally.

### For The record:

### I DENY THE FOLLOWING CORPORATIONS EXIST

UNITED STATES, THE UNITED STATES OF AMERICA, THE STATE OF TEXAS,
COUNTY OF CAMERON COUNTY, UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS (BROWNSVILLE, TEXAS 78520), THE UNITED
STATES ATTORNEY'S OFFICE AND AGENTS, DEPARTMENT OF TREASURY, INTERNAL
REVENUE SERVICE, ALL BAR ASSOCIATIONS, AND ANY AND ALL CORPORATE
MEMBERS WHO ARE, OR MAY BE ASSOCIATED WITH ANY COMPLAINTS, CLAIMS
OR "PLAINTIFFS" IN THIS MATTER AGINST MY NATURAL BODY AND OR Secured
Copy Righted Property, including My Personal Property known as
CARLOS JORGE HINOJOSA (COPYRIGHTED) IN AND ALL DERIVATIVES THEREOF.
I Carlos Jorge: Hinojosa "DENY" any legal "Claim","Complaint", or
"Plaintiff" under Common Law Article III "EXISTS".

I deny THE UNITED STATES OF AMERICA "Plaintiff" EXISTS.

I deny UNITED STATES ATTORNEY "PLAINTIFF" EXISTS.

I deny THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF TEXAS "PLAINTIFF" EXISTS.



I deny a legal "Trial by Jury" was held or even offerd under common law Article III pursuant to the Constitution and the Bill of Rights.

I deny a Legal/valid Grand jury "Indictment" under Article III EXISTS.

I deny any legal CORPORATE "PLAINTIFF" EXISTS.

I deny the presiding judge in this matter is an Article III common law judge, nor presided in this matter in an Article III Court.

I deny the existance of a voluntary or knowning "SIGNED" commercial contract or instrument that created an "ATTACHMENT OF EQUITY JURIS-DICTION BETWEEN THE CORPORATE UNITED STATES AMERICA "PLAINTIFF" AND I/ME, THE NATURAL MAN (SECURED COPY RIGHTED PARTY) OR CORPORATE FIC-TION EXISTS. "I DENY IT EXIST".

I deny THE UNITED STATES OF AMERICA, COURT AND JUDGE, UNITED STATES ATTORNEY HAVE SUBJECT MATTER JURISDICTION UNDER COMMON LAW ARTICLE III

NOTICE:

If any man or woman desiring to answer this affidavit point for point by notarized affidavit, using his/her's christan or family name for signature **under penalty of perjury**, mail a second copy to the notary 3rd party indepentant witness gven as a notary, but not a party to this action/matter.

Independent 3rd party witness:    Armando Saldana (Notary)

1038 3rd Street

Mercedes, Texas [78570]

NOTICE: This comminigue "AFFIDAVIT OF DENIAL OF CORPORATE EXISTANC" is sent in good faith and for proof of (1) any Corporate "Plaintiff", (2) Valid Grand Jury under Areticle III (3) Valid Article III Court and Judge that presided over this matter under Common law (4) Sign-ature from Secured Copy Righted Property for equity jurisdiction,

(5) proof you have subject matter jurisdiction under Article III.

I deny all of the above "exist". (See all Affidavits attched for Proof)



Federal Rules of Civil Procedure, Rule 56(e): Form of Affidaivts;
Further Testimony; Defense requested; Supporting and opposing
affidaivts shall be made on personal knowledge, shall set forth
such facts as would be admissable in evidecne, and shall show
affirmatively that the affiant is competent to testify to the
matters stated herein. Sworn or certified copies of all papers
or parts thereof referred to in an affidavit shall be attached
thereto and served therewith. The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrog-
atories, or further affidavits. When a motion for summary judg-
ment is made and supported as provided in this rule an adverse
party may not rest upon the mere allegations or denials of his
pleading, but his response, by affidavits or as otherwise provi-
ded in this rule, must set forth specific facts showing that there
is a genuine issue for trial. If he does not so respond, summary
judgment, if appropriate, shall be entered against him.

### MAXIMS OF LAW IN SUPPOR OF THE PETITIONER'S REQUEST

- An unrebutted affidavit is a judgment in commerce.
- In commerce truth is sovereign
- Truth is expressed in the form of an affidavit.
- A lien or claim can be satisfied only through rebuttal by a
  counter-affidavit, point-for-point, resolution by jury or
  payment.
- The proof lies on him who affirms, not him who denies.
- The agreement of the parties makes  the law of the contract.
- A man/woman's word is his/her bond



- For truth to be established, it must be expressed.
- Silence is agreement.
- He who leaves the battlefield first, loses by default.
- When a party has a duty to speak, his silecne equates with fraud.
- An accessory (agent) follows his principal.
- A contract founded on a base or unlawful consideration, or against the good morals is null.
- Sacrafice is the measure of credibility. On who has not been damaged by, given to, lost on account of, or put at risk by another has no basis to make claims or charges against him.

Fed. R. Civ. Pro. Rule 12(b)(1): Rule 12 is Defenses; Rule 12(b) states with particularity, "How Presented." Every defense in law or fact to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto one is reqiured, except that the following defenses may at the option of the plea-der be made by motion: 12(b)(1): **Lack of jurisdiction over the subject matter.** 12(b)(7): Failure to join a party under Rule 19. (See Joining Fed. R. Civ. Pro. Rule 19(3)).

Fourteenth Amendment: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the U.S., nor shall any state deprive any person of life, liberty, or property without due process of law; nor to any person the equal protection of the law. (See all Affidavits under attachment for proof of non-subject matter).



### NOTICE OF PROOF BY AFFIDAIVT

Petitioner would like to bring to this honorable court's attention the following: On January 17, 2007 through March 6, 2007, Petitioner filed and recorded with the Clerk of the Court for the Southern District of Texas, nine (9) different Affidavits of truth. The first was an Affidavit of Denial of Corporate Exist-ence. The respondent(s)/agent(s) and/or court for the Southern District of Texas (Brownsville Division) dishonored and/or refused to answer/respond to the Affidavit and the petitioner then filed and recorded an Affidavit of Default with a Seventy-two (72) hour oppertunity to cure the default, again respondent(s), agent(s), court(s) dishonored and refused to answer. Petitioner then filed and recorded a default with a third-party Notary Public witness Default by Non-response. By the actions and/or inactions of all the respondents/agents/courts of not providing proof of existence of corporations or of any attachment of equity jurisdiciton by a bonafide signature on an International Maritime contract with the petitioner they admit that they did not/do not have subject matter jurisdicion . Please read the attached Affidavits which proves the Petitioner challenged subject matter jurisdicion. Petitioner offered an International Remedy to pay all debts, which was again dishonored by the respondents refusing to answer. The petitioner again entered another default with a seventy-two (72) hour oppertunity to cure which was again refused and a default was procured by Notarial Protest of Default by Non-response.



An International Tribunal Judgment was issued/filed/recorded
with the Clerk of the Court and a Public Notice of Default by
printed Media Newspaper (printed three consecutive weeks, once
per week) was done and filed with the Clerk of the court. (See
Media Notice)

(Published in Newspaper)

## PUBLIC NOTICE OF DEFAULT

I, Carlos Jorge Hinojosa (Secured Party) hereby attest, affirm
and acknowledge the followint facts towit: That I did present
by filing with the United States District Clerk of the Court
under Case No. 03-CR1010-01      by Certified Mail, Return Receipt
Requested, using a third-party (Notary) witness, filed the following:
(1) Affidavit of Denial; (2) Default w/72hrs to cure; (3) Default
w/ a Notarial Certificate of non-response; (4) Affidavit of Truth
Secured Party Notice; (5) NOTICE BY WRITTEN COMMUNICATION/SECURITY
AGREEMENT; (6) Copy of UCC-1 filing, with Power of Attorney, Copy-
right, Security Agreement, ect.; (7) Commercial Affidavit for Int'l
Admin. Remedy and Acceptance for Value; Offer of Performance; Cert
Promissory Note for $6,659,594.90 for full payment of debt(s); (8)
3rd Default w/72 hrs to cure; Default and Entry for Default judg-
ment; Notarial Notice of dishonor/formal certificate of non-response;
Acceptance to Contract; Int'l Tribunal Judgment to the following
creditors: UNITED STATES OF AMERICA, STATE OF TEXAS, MICHEAL T.
SHELBY d.b.a. ASST. U.S. ATTORNEY; HILDA TAGLE d.b.a. JUDGE;
MICHEAL MILBY d.b.a. CLERK OF THE COURT FOR THE SOUTHERN DISTRICT
OF TEXAS, NOTICE TO PRINCIPAL(S) IS NOTICE TO AGENT(S), AND, NOTICE

NOTICE TO AGENT(S) IS NOTICE TO PRINCIPAL(S), for full settlement and accord and satisfaction of judgment debt(s) filed under case no. 03-CR1010-01 and Secured Party No. R307633990456829488. Please take notice Creditors had over 30 days to cure/respond by Affidavit before final default, Notarial Protest w/Certificate of Non-Response and Tribunal judgment or to rebut/object to the settlement offer or general acquiescense and consent/agree that THE UNITED STATES OF AMERICA, STATE OF TEXAS, NOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE, TEXAS, and stipulate that these Judgment(s) debts are satisfied and dischareged by operation of law. Creditors failure to rebut/object to settlement offer constitutes the voluntary waiver of all claims (Criminal & Civil) that contradict the private agreement between Carlos-Jorge: Hinojosa (Secured Party) and all the Credito who may state a claim to the judgment(s), debts supra. Creditors are hereby euqitally estopped from claiming a different set of facts or terms, and by default consummates the accord and satisfaction of all these public claims against the Cestui Que and ENS LEGIS  entity known as CARLOS JORGE HINOJOSA, because the due date(s) to object/rebut the afore said affidavits was not met by the creditors. Deadline for response was March 6, 2007. Therefore Secured Party DEMANDS Creditors release the Order of the Court, All Bonds, and Release Carlos-Jorge: Hinojosa from incarceration.

Carlos-Jorge: Hinojosa
"Without Prejudice" UCC 1-207
Authorized Representative
Free Inhabitant of Texas Republic
Hildago County, Mercedes, Texas

05-04-08

## Venue and Other Concerns

There are no venue concerns in regards to this independent action. There is also no need for forum conveniens. There is either subject matter jurisdiction or there isn't subject matter jurisdictiOon. This Rule 60(b) action does not present any case or controversy with the United States as a party. In fact, though this petitioner has named a respondent in this actions caption, this Article III court could easily make an "ex parte" ruling, if it desires to. Petitioner has provided some examples of the many case citings supporting this:

> Independent actions  allowed by Rule 60(b) are not confined to court that rendered judgment being attacked, but may be brought in any other court of competent jurisdiction; however, ordinarily preferred choice would be that court which rendered judgment. <u>Carr v. District of Columbia</u>, (1976) 543 F.2d 917.

> Federal Court has jurisdiction under Rule 60(b) to entertain independent action to relieve party from judgment rendered by another court. <u>D'Addino v. Dulles</u>, (1954) 136 F.Supp. 417.

> Independent action under Fed. R. Civ. Pro. Rule 60(b) may be brought in court other than court that issued contested order. <u>Morrel v. Nationwide Mut. Fire Ins. Co.</u>, (1999) 188 F.3d 1002.

This petitioner is not requesting a Federal District Court to review a judgment issued from another Federal District Court. This petitioner is requesting the Article III district court of the United States to declare the "civil justice" obtained JUDGMENT OF A STATE COURT, operating out of a Federal District, **VOID**, for lack of both personal and subject matter jurisdiction. While personal jurisdiction can be waived by exploitation if ignoracne, the



due process of law required to obtain and maintain subject matter
jurisdiction is not waivable. The plain manifest constitutional
error this action will demonstrate didn't just result in a voidable
judgment, but a judgment that was always void from its inception.

A judgment is void when it is beyond a court's power to render
and a "State" court's power to act must be **ousted** when it runs
afoul of the due process guarantees of the Constitution. When a
"precinct" or "State" court for the District of Columbia chooses
to proceed, in these circumstances, its actions are not merely
erroneous, but beyond its power, void and subject to collateral
attack. This independent action must not be considered a petition
for "habeas corpus" and petitioner is <u>not asking</u> for **release from
incarceration** as relief. Additionally this Rule 60(b) independent
action should not be construed to be a civil complaint pursuant
to "The Prison Litigation Reform Act of 1995."

Petitioner is not seekingmonetary damages via the PLRA and the
<u>only relief</u>, this independent action seeks is a **voiding** of the
"civil" JUDGMENT and a refunding of any special assessment fees
that may have been payed as a result of the invalid judgment. This
district court has jurisdiction over this Rule 60(b) action pursu-
ant to Title 29, Section 1331, as well as the Constitution itself,
and <u>Gonzalez</u> have paved the way procedurally for this court to act
on judgments that are void due to lack of subject matter jurisdi-
ction. There is no valid reason for this action to undergo "state
law review," "a civil justice process," or any proceeding or



procedure outside the common law due process provided by the Con-
stitution and the Bill of Rights.

## Summary Introduction

While this petitioner can demonstrate lack of Subject Matter
Jurisdiction in numerous ways, this independent action only raises
three (3) simple points. (1) Defendants were chalenged under Texas
Civil Rules 52 and 93; The Defendents refused to answer and or provid
the proof/evedence rquested. **The defendents have Defaulted by dishonor.**
**See all affidavits of Truth provided as evedence at end of this document.**
2) The Affidavits show there was no valid grand jury indictment ever
returned by a true constitutional gran jury; **(See leters and Affidavt**
**filed with the Clerk of the Court "Attachemnet #1)** 3) thewre was no
"Trial by Jury ever OFFERED or held pursuant to the Constitution and
the Bill of Rights. **(See Documentation from the Clerk of the Court**
**non-filing of indictment under Rule 6(c) attchments #1)**

## History of Law

Our founding fathers were brilliant men who had seen the judicial
injustice occuring in the much dreaded star Chamber Courts, where
judges acting without juries could and did perform outrageous deeds.
Ambitious judges loyal to the crown and currying **executive** favor
could and did become tools for tyranny. This is why due process and
the importance of juries appears in no less than three amendments -
The Fifth, Sixth, and Seventh.  In addition, the Northwest Ordinance
was secured in its entirety by Article VI,of the Constitution making
it **organic Law** and part of the "Supreme Law of the Land."

> The inhabitants of the said territory shall always
> be entitled to the benefits of the writ of habeas
> corpus, and of **trial by jury;** of a proportionate
> representation of the people in the legislatture;
> and of **judicial** proceedings according to the
> course of the commonlaw...No man shall be deprived
> of his peers or the law of the land...(Emphasis added).
> Article 2 - Northwest Ordinance of July 13, 1787

Unfortunately, even though this petitioner is guaranteed due process by the supreme Law of the Land, he did not have "Trial by Jury" pursuant to the Sixth Amendment and Article III of the Constitution. Nor did this petitioner have "judicial proceedings according to the course of the common law||" Finally petitioner has no choice but to challenge subject matter jurisdiction by using Rule 60(b) of the Federal Rules of Civil Procedure since the benefits of the writ of habeas corpus are even procedurally barred by the non-judicial executive District Courts operating on behalf of the District of Columbia. The "appearance of justice" was not what the Framers had in mind when they drafted our Constitution. In perhaps the best written Supreme Court decision in the last one hundred years, Justice Scalia beautifully layed out the difference between common law and civil law in <u>Crawford v. Washington</u>, (2004) 541 U.S. 36, 158 L.Ed.2d 177, 124 S.Ct. 1354.

<u>Crawford</u> is drafted some two hundred years plus since our Constiution, yet the message remains the same. The importance that our founding fathers placed on due process must never be disregarded. <u>Crawford</u> whild discussing the confrontation clause of the Sixth Amendment went on to condemn the civil law mode of criminal procedure which is currently in use by our Federal Justice System:

> (1) The confrontation clause had to be interpreted while keeping in mind the inference, <u>supported by history</u> that the **principal evil** at which the clause was directed was the **civil-law mode of criminal procedure**;,,,, (Emphasis added) <u>Crawford</u>, supra. 158 L.Ed.2d at page 179.



Just two months after <u>Crawford,</u> Justice Scalia once again
demonstrated the importance of common law in another opinion he
delivered:

> There is not one shred of doubt, however, about
> the Framers paradigm for criminal justice, **not
> the civil-law ideal** of administrative perfection
> **but the common-law ideal** of <u>limited state power</u>
> accomplished by strict division between judge
> and jury. (Emphasis added). <u>Blakely v. Washington,</u>
> (2004) 542 U.S. 296, 159 L.Ed.2d at page 421, 124
> S.Ct. 2531.

The Supreme Court has been consistent when it comes to due
process, the Fifth and Sixth Amendments, and sovereign rights
protected by our Constitution. It is clear that due process is
as important today as it was over two hundred years ago. It is
also cited in multiple Supreme Court cases, that without due
process there is <u>no subject matter jurisdiction</u>, (i.e., - see
<u>Johnson v. Zerbst</u> (1938) 304 U.S. 458, 58 S.Ct. 1019). As this
independent action will adequately demonstrate the most fundamen-
tal due process rights that establish personal and subject matter
jurisdiction were violated from the inception of the case.

**There was no lawful indictment pursuant to the Fifth Amendment
leaving the charging instrument <u>void of subject-matter jurisdiction</u>
in the Southern District of Texas, Case No. 03-CR1010-01.**

The Grand Jury clasue in the Fifth Amendment to the Constitu-
tion for the United States reads as follows:

> No person shall be held to answer for a capital or otherwise
> infamous crime unless on a presentment or indictment of a
> Grand Jury, except in cases arising in the land or naval
> forces, or in the Militia, when in actual service in time
> of War or public danger; nor shall any person be subject
> for the same offense to be twice put in jeopardy of life



> or limb; nor shall be compelled in any criminal case to
> be a witness against himself, <u>nor be deprived of life,
> liberty, or property</u>, **without due process of law**; nor
> shall private property be taken for public use, without
> just compensation. (Emphasis added). Fifth Amendment to
> the United States Constitution.

The kew words are in emphasis, supra., "without due process

of law." Subject matter jurisdiction is conferred by the Constit-

ution and statutes and relates directly to the court's power to

adjudicate an issue. What is not covered by statutes are often

covered by Federal Rules of Civil and Criminal Procedure. To a

certain degree, the Rules are even more important than the laws,

since when the two collide the Rules prevail. (See Title 28, U.S.C.

§2072(b)).(Also See Texas Civil Rules 52 and Civil Rule 93)

The Fifth Amendment grand jury serves a vital function in

providing for a body of citizens, a necessary check on prosecutorial

power. Without it, prosecutors would essentially have a free hand

to do whatever they pleased and the rights of the sovereign would

be compromised as a result. Federal Rules of Criminal Procedure,

Rule 6 is in place to preserve due process as it outlines the

proper procedure for convening and operating both a federal and

special grand jury.

Rule 6 was amended in 2002 and 2003, but at the time of the

petitioner's INDICTMENT, it read as follows on page 7:

> Fed. R. Crim. Pro., Rule 6
>
> (b) Objections to Grand Jury and Grand Jurors.
>
> (1) Challenges. The attorney for the government or
> a defendant who has been held to answer in the district
> court may challenge the array of jurors on the ground
> that the grand jury was not selected, drawn or summoned
> in accordance with law, and may challenge an individual



juror on the ground that the juror is not legally qualified.
**Challenges shall be made before the administration of the oath
to the jurors**and shall be tried by the court. (Emphasis added)

(c) Foreperson and Deputy Foreperson. The court shall appoint
one juror to be foreperson and another to be deputy foreperson.
The foreperson shall have the power to administer oaths and
affirmations and shall sign all indictments. The foreperson
or another juror designated by the foreperson shall keep a
record of the number of jurors concurring in the finding of
every indictment and shall file the record with the clerk of
the court, but the record shall not be made public except on
order of the court. During hte absence of the foreperson the
deputy foreperson shall act as foreperson.

(f) Finding and Return of Indictment. An indictment may be
found only upon the concurrence of 12 or more jurors. The
indictment shall be retured by the grand jury to a federal
magistrate judge in open court. If a complaint or information
is pending against the defendant and 12 jurors do not concurr
in finding an indictment, the foreperson shall so report to a
federal magistrate judge in writing forthwith. (Emphasis added).

A careful examination of the above Rules will demonstrate
several violations of due process of law in addition to violation
of statute. More importantly, it will be demonstrated that there
never was any subject matter jurisdiciton in petitione's case
pursuant to a valid indictment that was in conformity with the
above Rules.

AS Title 28 §1867 allows for challenging the petit jury
selection **before** the voir dire examination and taking of any
oaths, Criminal Rule 6(b)(1) similarly allowed for challenging
the array of grand jurors **before** the administration of the oath
to the jurors. This is a clear requirement of the due process of
law and petitioner, nor his counsel, were ever **noticed** of any
grand jury convening effectively denying him this fundamental
right. The opportunity to determin if the grand jurors were



"worthy accusers" was completely denied this petitioner. Of course, this violation of Rule 6(b)(1), in and of itself, would probably not constitute and indictment rendered void of subject matter jurisdicion. Indeed one can even take the position that this petitioenr waived his right to challenging the grand jury array by not objecting at an earlier date. However, this is only the beginning of the matter, and as will be demonstrated the <u>cumalative</u> violations of multiple provisions of Rule 6 resulted in a completely invalid, <u>not</u> defective INDICTMENT.

Rule 6(c) requires a member of the grand jury to file the voting concurrence forms with the clerk of the court. While the specific voting records themselves are not for public viewing, there should at a minimum be an entry <u>somewhere</u> indicating that the voting records were at least filed. This petitioenr could not locate any entry on the master docket showing compliance with this rule. Moreover, the clerk of the court appears to have no knowledge of Rule 6(c) when questioned about the voting records. The master docket simply indicates that an INDICTMENT was filed. There appears to be no way of verifying who "voted on it" or "filed it." Petitioner deduces that a prosecutor filed it, since lawful indictments are returned, <u>not filed</u> in an **open court pro- ceeding** pursuant to Rule 6(f).

of course, one can simply cross-check Rule 6(c) against Rule 6(f) quite easily. If the appointed grand juror in charge of filing the concurrecne forms/voting records with the clerk innoc- ently forgot to do his/her job, there would still be a record pursuant to Rule 6(f). Any interested party  should be able to



acquire a copy of the open court proceeding transcript, where
the grand jury as <u>a body</u> is required to return an indictment to
a federal magistrate judge. Rule 6(f) is very specific and mandates
that the indictment be returned to a magistrate. There is no pro-
vision within it which allows for this process to be skipped. To
insure theintegrity of the grand jury proceedings and **open court**
proceedings a court reporter must keep an electric recording or
transcript by statute:

> § 752 Reporters (28 U.S.C.)
> (b) Each session of the court and every other proceeding
> designated by rule or order of the court or by one of the
> judges shall be recorded verbatim by shorthand, mechanical
> means, electronic sound recording, or any other method...
> Proceedings to be recorded under this section include (1)
> all proceedings in criminal cases had in open court; (2)
> all proceedings in other cases had in open court unless
> the parties with the approval of the judge shall agree
> specifically to the contrary...

Proper court and law ethics would also require the plaintiff's
attorney to notify this petitioner's counsel of an open court
proceeding offering regarding his or her client. Though the Supreme
Court has made the importance of "Notice" plainly clear in several
of its decisions, counsel for the Government chose to ignore the
notification process requried in Rule 6(b)(1) and Rule 6(F).


There appears to be an even more serious problem.


Upon contacting the court reporter's office, this petitioner
has uncovered the fact that there is <u>no transcript</u> of any open
court proceedings hving ever taken place where an indictment was



returned against this petitioner. Not only did the grand jury
fail to appear as an entire body in front of a federal magistrate
judge as required by Rule 6(F) at the time of the petitioner's
INDICTMENT, there is no record of a single grand juror appearing
at any open court proceeding as mandated by the current amended
Criminal Rule 6(f).

These violations of Rule 6(b)(1), 6(c) and 6(f) when taken
together demonstrat error so fundamental to our Constitutional
protections that the INDICTMENT rendered cannot be considred a
lawful indictment at all. This was not a defect in form only
that can be waived away by calling it minor procedural error.
The due process violations of the Fifth Amendment and Criminal
Rule 6 resulted in a charging instrument fatal from its inception
and complerely lacking in subject matter jurisdiciton. Defects
can be corrected, however there is no cure for an invalid indic-
tment created out of **whole cloth**, instead of due process of law.
This violation of petitioner's substantial rights comes directly
under Federal Rules of Criminal Procedure, Rule 52(a), not (b)
which mandates correction when you remove the double negative.
(Delete the word "not" and the prefix "dis" to arrive at the proper
meaning). Unfortunately for the plaintiff's attorneys, the only
correction for an INDICTMENT void for lack of subject matter
jurisdiciton is a vacature of the judgment.

Ruler 52(a) mandates that any error or irregularity that
effects substantial rights **must** be regarded. An INDICTMENT conce-
ived by zealous prosecutors instead of the due process of law of



a lawfully empowered grand jury pursuant to the Fifth Amendment, is well beyond the requirements needed to vacate the judgment in this matter.

The multiple errors that occured by a complete disregard of Rule 6, so deeply prejudiced this petitioners substantial rights, that it "affected the fairness, integrity, or public reputation of judicial proceedings." (<u>United States v. Cotton</u>, (2002) 535 U.S. 625, 152 L.Ed.2d 260, 122 S.Ct. 1781).

Since it is not realiztic to accept that a federal magistrate judge, the prosecutors, the members of the grand jury, and even the court reporters decided to completely disregard the Rules and the law , this petitioner can only arrive at one conclusion by deductive reasoning. The grand jury process used to INDICT this petitioenr must have been a **non-judicial** proceeding done by a **quasi SPECIAL GRAND JURY** completely outside the due process requirements of the Constitution and Criminal RUlE 6, operating in the course of the civil law.

Subject matter jurisdicion never lawfully existed pursuant to a lawful Fifth Amendment authorized Grand Jury, and the Federal Rules of Criminal Procedure were apparantly not applicable to the irregular civil justice system that was used. The INDICTMENT that was used in the petitioner's criminal case is void for lack of subject matter jurisdicion, unconstitutional as applied, and even appears to be evidence of fraud being committed upon the trial court.(<u>See letter from Clerk of the Court on non complyance with Indictment</u>)



**There was no lawful trial by jury held pursuant to the Sixth Amendment, leaving the trial court without subject-matter jurisdiction in the Southern District of Texas, Cause No. 03-CR1010-01**

In addition to Article III of the Constitution and the Northwest Ordinance, due process of law is outlined in the Sixth Amendment:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the **nature and cause** of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. (Emphaisis added). Sixth Amendment to the U.S. Constitution.

Even if there had been a lawful indictment in the petitioner's case, the trial court lost any and all subject matter jurisdiction it may have had when it held "trial **with** jury (By the court)," instead of a true "Trial **by** Jury" as mandated by Article III of the Constitution and the Sixth Amendment. Perhaps the trial court had no choice but to conduct a quasi-judicial proceeding, in the course of the civil law, due to the plaintiff's attorneys failing to provide a proper indictment as authorized by the Fifth Amendment and Rule 6 of the Federal Rules of Criminal Procedure.

Procedural due process fundamental to protecting this Citizen's rights pursuant to proper "Trial by Jury" partially includes:

1. Jurors take an oath to the Constitution, not the court.
2. Judges guide and instrict in the law, but don't <u>charge</u> the jury.
3. Court is only in session when the jury is present.
4. Citizens are provided with **notice** of the **nature and cause** pursuant to the Sixth Amendment, not nature and circumstance.
5. Citizens can take "counsel" with any individual of their choice, and are not restricted to "Attorneys-at-law." (Bar Members).



6. The accused receive **criminal prosecutions done in the course of the common law** in a judicial court of the United States, not a criminal proceeding done in the course of the civil-law in a non-judicial court, operating on behalf of a legislative state.

None of the listed above was followed at this petitioner's trial and this petitioner has only listed a small fraction of the due process requirements of Trial by Jury. All parties present at this petitioner's trial failed to inform this petitioner that his Constitutional guaranteed right to Trial by Jury was being waived. This was a violation of the mandate the United States Supreme Court delivered some Seventy years ago, where even a jury of eleven instead of twelve, was not permissable without the consent of the criminal defendant.

> Before any waiver of the right of one charged with crime to **trial by jury** can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant, and the duty of the trial court in that regard is not to be discharged as a mere matter of note, but with sound and advised discretion, with an eye to avoid unreasonable or **undue** departures from that mode of trial, or from any of the essential elements thereof, and with a caution increasing in degree as the offense dealt with increase in gravity. (Emphasis added). Patton v. United States, (1930) 281 U.S. 276, 74 L.Ed. 845.

Without due process there is **no** subject matter jurisdiction. This is especially true with the due process defined by the Bill of Rights. To insure the integrity of the judicial process, juries in the early years of our great nation, were considered part of the judiciary. Jurors, not the judges were finders of both the fact and the law. In 1788, the very popular Anti-Federalist Maryland Farmer, noted the awesome responsibility given jurors and stated that although ordinary folk were "much degraded in the

powers of the mind...," jury service would uplift them, "...Give
them power and they will find understanding to use it." In opp-
osite to this, the jury in the petitioner's CRIMINAL CASE, did
not find the law or the facts, but functioned as some form of
advisory jury, where the facts that they were allowed to find
was totally controlled by the Court. Clearly, he who controls
the evidence controls the outcome, and the court usurping fact-
finding authority from the jury is plainly seen by simply revi-
ewing the JUDGMENT IN A CRIMINAL CASE which states:

> **The Court adopts the factual findings and guide-
> line application in the presentence report.**

This above statement from the JUDGMENT, by itself, should
be enought to render the judgment **void** for lack of subject matter
jurisdiciton. The trial Court adopting as fact, the findings of
an employee of the Department of Justice, instead of calling upon
an impartial jury of twelve, and then using that information to
determin the length of time a person should be incarcerated for
is a complete and total disregard of the due process required by
the Sixth Amendment. In fact, this act clearly makes the trial
court in the petitioner's case part of the Executive branch, not
the Judicial branch of the government.

There can be no doubt that the trail court was not operating
under Article III of the Constitution and there is no seperation
of powers voilations to address. There is simply no lawful juri-
sdiction. There is no provision in the Constitution that would
allow for any quasi-judicial criminal proceedings held in the
civil law mode of procedure. Judicial proceedings for one to be

punished for a crime must be held in the common law and any all-
owance for punishment without judicial trial is a <u>Bill of Attain-
der</u>, which is expressly forbidden by Article I (1), Section IX
of the Constitution. This petitioner does not need a recent case
such as <u>Blakely</u>, supra. at page 5, to demonstrate that a Sixth
Amendment violation leaves the court void of jurisdiction, this
was addressed over a hundred years ago.

> The finding of issue of fact by the court upon the evidence
> is altogether unknown to a common law court and cannot be
> recognized as a judicial act; such questions are **exclusively
> for the jury.** (Emphasis added). <u>Rogers v. United States,</u>
> (1891) 144 U.S. 548, 35 L.Ed. 853, 12 S.Ct. 91.

Petitioenr was obviously not charged with a crime against
the United States which requires that criminal prosecutions be
held in the course of the common law. Rather, a UNITED STATES
DISTRICT COURT, operating as a "State" court for the District of
Columbia, held its <u>civl law mode of criminal procedure</u> styled
trial, using **presumptions** that the petitioner was subject to it,
for violation of the administrative criminal **policies** of the
UNITED STATES OF AMERICA. This system of justice runs afoul of
the due process of law provdied by the Constitution, leaving the
trial court **without** subject matter jurisdiction, and is unconst-
itutional as applied. Additionally this petitioner has a Ninth
Amendment right not to be subject to the use of "presumptions"
by the legislative State of the District of Columbia.

Regardless whether the trial court was authorized by the
local Civil Rules of the District of Columbia or any "deck" for
miscellaneous cases, ancillary jurisdiction, pending related



case, supplementary rules, special proceedings, standing orders,
internal memos, "contempts constituting crimes," tort laws, and
any other District of Columbia policy or procedure, the entire
trial process that was used against this petitioenr was in vio-
lation of constitutional due process, thereby making it **void
and without juridiction.**

By **presuming** this petitioner is a member of the special
purpose entity, body politic called the UNITED STATES OF AMERICA,
the municipal Government defacto, has unlawfully subjected this
petitioner, a Citizen of the United States and member of the body
sovereign, government de jure, to a non-judicial trial done in
the course of the civil law. Petitioner is guaranteed "due process
of law," not "prevailing usages of law" by the Supreme Law of the
Land, and there was no valid jurisdiciton in the petitioner's
CRIMINAL CASE at the indictment, trial or sentencing stage.

Summary and Conclusion

Petitioner has only raised two issues in this Rule 60(b)
action in regards to subject matter jurisdiciton. Clearly, there
are many, many more examples that this petitioenr did not bother
to cite. The UNITED STATES OF AMERICA cannot "do away" with the
Constitution of the United States, which is still very much the
**Law of the Land.** If anything it appears that the body politic /
body corporate is warring with the body sovereign. Federalism
should not **erode** the due process of law, as it has now done,
ever so gradually, over the last seventy years.



Perhaps Supreme Court Justices O'Connor and Rehnquist deci-
ded that they would leave a remedy in place before they departed
the Court. Gonzalez is one of the very last cases that both jus-
tices would ever participate in as active Supreme Court Justices.
Suprisingly both O'Connor and Rehnquist joined the majority in
the Gonzalez opinion, where traditionally you would expect both of
these justices to be on the opposing side of a Justice Scalia
rendered opinion, that didn't further "State" interests. No matter
what the motivation, there can be no doubt that Rule 60(b) is and
remains available procedurally for judgments **void for lack of
subject matter jurisdiction** pursuant to the majority's opinion in
Gonzalez.

To re-iterate, petitioner's most fundamental rights to due
process of law, as outlined in the Northwest Ordinance; Fifth,
Sixth, Ninth and Fourteenth Amendments to the Constitution; and
Articles I and III of the same instrument, have been violated.
This manifest constitutional injustice resulted in there being no
subject matter jurisdiction from the very beginning of petitioner's
quasi-judicial proceedings. Proceedings that were done in the
course of the civil law, instead of the common law, in complete
disregard to the guarantees in the Northwest Ordinance. Therefore,
in the interest of justice, this petitioner requests the following
relief be granted by  the Article III, District Court of the
United States of America [District of Columbia]:

    1.    That the **"CIVIL"** JUDGMENT IN A CRIMINAL CASE issued
        from a State form operating from a Federal District
        court, be **VACATED** due to a complete lack of subject
        matter jurisdiciton caused by the use of an instru-
        ment labeled an INDICTMENT, and a process that was



**VOID** from its inception. (<u>See letters from Clerk of the Court</u>)

2.  Refunding of any and all "Special Assessment" fees that were charged due to the invalid JUDGMENT.

3.  Compliance with **TITLE 28, §1657(a)**, causing this court to give this independent action it's highest priority for "good cause." (Due to the manifest constitutional injustice demonstrated throughout this action).

For this court's convenience, petitioenr has attached a copy of the **JUDGMENT AND COMMITMENT ORDER** to this Rule 60(b) action.

Also enclosed are the Affidavits of Truth that were duly filed and recorded with the Clerk of the Court, which were mailed by Certified postage pre-paid United States Mail, signed received by all respondents: MICHEAL T. SHELBY d.b.a. Assistant U.S. Attorney; HILDA TAGLE d/b/a/ U.S. DISTRICT JUDGE, and; MICHEAL MILBY d.b.a. U.S. CLERK OF THE COURT. All of whom have agreed and stipulated by their actions and/or inactions that they did not and do not possess subject matter jurisdiction in this matter. [See the attached Exhibits for proof of this claim].

This independent action is presented as all facts within it as being true, correct and not misleading, and under the pains and penalties of purjury pursuant to Title 28, Section 1746 on this          day of                        2008 C.E.

Respectfully,

*[signature]*

Carlos-Jorge: Hinojosa, pro per
Secured Party Creditor
Authorized Representative
"Without Prejudice" UCC §1-207

## NOTARIZED OATH

### VERIFICATION OF IDENTITY

CARLOS JORGE HINOJOSA, first being duty sworn, deposes and says: That/she is the affiant herein, and that he/she has read the forging _Filing oF Rule 60(b)(4) Void Judgement_ for the release submitted to the agency listed on the coverpage thereof. That the identification and data submitted for this request/matter is true and correct upon the personal knowledge of the affiant and the verifiable identifiaction is submitted herin.

"Without Prejudice"                    05-04-08

Carlos Jorge Hinojosa, (Pro-Per)

Requestor / Affiant

### JURAT

I the below scribed Notary Public do hereby and herewith certifiy that the forgoing affidavit od Denial of Corporate Existance was scribed and sworn to before me on this:

__04__ of __June__ , 2008. C.E.

Notary Public

My Commission EXpires: ___7/01/09___

CHRISTINE A. TORRES
MY COMMISSION EXPIRES
July 21, 2009

## CONCULSION and REMEDY

### DISMISS PURSUANT TO FRCVP-12(b)(6)                    "Within Admiralty"

Now comes the Affiant (SecuredParty), Pro-Per, by special visitation, and respectfully moves this court to enter its order dismissing this matter case pursuant to FRCVP-12(b)(6) - Failure to state a claim upon which relif can be granted, a judgment in Estoppel against the Respondents/Defendents when they **did not** settle this matter/case in the private[1] venue prior to any public adjuication (inequitanle). Affiant's (Secured Party) adminstrative remedy is **RES JUDICATION and STARE DECISIS.** See **MCCALL vs. BARRON, Case No: 5:05-cv-186 (N.D. Fla 2005).**

### NOTICE:

#### Adams Supra @35

Since the government had not accepted jurisdiction in the manner requested by the act, the Federal Court had NO Jurisdiction of this Proceeding.

In the view it is immateral that Louisiana Statues authorized the government to take Jurisdiction.

Since at the critical time the Jurisdiction had not been taken.

ARTICLE VI - U.S. CONSTITUTION; This Constitution, and of the United States which shall be made in Pursuance thereof... shall be the supreme law of the land; and the judges in every State shall be bound thereby, any Thing in the Constitution or Laws of the any State to the contrary notwithstanding.

-----------
[1]
Take Judicial Notice that pursuant to Federal Rules of Evidence 902(9) the matter is governning by commercial law.  See Erie Railroad Co. 304 US 64 (1938) Rule 302 (1-202, 3-307, and 3-510).



"As a matter of due process, an offender may not be sentenced on the basis of mistaken facts or unfounded assumptions." <u>Townsend v. Burk</u>,334 U.S. 736, 740-741 (1948)

"Ignorance of the law does not excuse misconduct in anyone, least of all in a sworn officer of the Law." In re McCOWAN, 177 c.93, 170P. 1100. (1917)

"An officer who acts in violation of the Constitution ceases to represent the government." <u>Brookfield Const. Co. v. Stewart,</u> 284 F. Supp.94.

"As a matter of due process, an offender may not be sentenced on the basis of mistaken facts or unfounded assumptions." TOWNSEND v. BURKE, 334 U.S. 736, 740-741 (1048)


MEMORANDUM OF RECORD; "...an instrument embodying something that the parties desire to fix in memory by the aid of written evidence, or that is the basis of a future formal contract, the designation of the written agreement, which must exist to bind the parties.

AS TO SIGNATURES;  See accommodation - UCC-3-419.


Undersigned Affiant (Secured Party) herein has the right to exercise remedy via Tort Claim for any and all agreed, stipulated and confessed injuries including but not limited to violation of Oath of Office (to Supreme Law of the Land), violation of Due Process of Law, Misapplication of statute, constitutional impermissible application of statute and law, fraud, fraud of scienter and otherwise.



P.02

## NOTICE OF ADMINISTRATIVE REMEDY

Under the authority of the Administrative Procedures Act 5 U.S.C.
556 "D" BURDEN OF PROOOF, "the proponet of a rule or order bears
the burden of proof." The Supreme Court has stated that "if any
**tribunal (court)** finds absence of jurisdiction over person and of
subject matter, **the case must be dismissed.**"
For reference, see **Louisville RR v. Motley**, 211 US 149, S. Ct.42
**Claimants** are relying upon the same measures and enforcing the
same requirments in exhausting the administrative process as to
Proof of WRONG DOING, INJURIES, LIBAILITY, FRAUD, WRONGFULL TERMIN-
ATION, MEDICAL MALPRACTICE, VIOLATION OF DUE PROCESS OF LAW, VIOLA-
TION OF THE FOURTH AMENDMENT, MISAPPLICATION OF STATUTE, MALICIOUS
PROSECUTION, LACK OF JURISDICTION / SUBJECT MATTER JURISDICTION,
**or otherwise** as applied to the inquies attached hereto.

However, "**Silence** can only equate with Fraud where there is a legal
or moral duty to respond or where an inquiry left unanswered would
be intentionally misleading."
**U.S. V. Prudden, 424 F. 2d. 1021 (1070)**



## P L E A D I N G S

Under Article III of the United States Constitution, when standing is
challenged on the basis of the pleadings the United States Supreme Court
will (1) accept as true all material allegations of the complaint, and
(2) construe the complaint in favor of the complaining party. Pennell v.
San Jose, 485 U.S. 1, 108 S.Ct. 849.

While a federal court plaintiff must set forth specific facts by affidavit
or other evidence in order to survive a motion for summary judgment and
must ultimately support any contested facts with evidence adduced at trial, general
factual allegations of injury resulting from the defendant's conduct may,
under some circumstances, suffice at the pleading stage, for on a motion
to dismiss, the court presumes that general allegations embrace those specific
facts that are necessary to supprot the clam. Bennett v. Spear, 520 U.S.
154, 117 S.Ct. 1154

What, other than affidavits, constitutes "matters outside the pleadings"
which may controver motion under Federal Rules of Civil Procedure 12(b),
(c), into motion for summary judgement. 2 ALR Fed 1027

A motion to dismiss a suit on the ground that the requisit jurisdictional
amount is not involved, reciting in support of the denial facts dehors
the complaint, is an appropriate method of challenging the jurisdictional
allegations of the complaint. KVOS v. Associated Press, 299 U.S. 269, 57
S.Ct. 197

If matters outside the pleadings are presented and not excluded by the
Federal District Court at a hearing on a motion to dismiss the complaint,
in part for its failure to state a claim on which relief can be granted,
the court is required by Ruel 12(b) of the Federal Rules of Civil Procedure to
treat the motion to dismiss as one for summary judgment and to dispose
of it as provided in Rule 56 of the Federal Rules of Civil Procedure, Carter
v. Statnton 405 U.S. 669, 92 S.Ct. 1232

Charges in the bill must be disregarded where they are denied by the answer
if no evidence is given to sustain them Astor v. Wells, 4 Wheat 466

Where the writ mentions trespass with force and arms upon a storehouse,
and seizure and distruction of goods, it covers a transitory as well as
a local action. In such an action a venue to state where the trial is to
take place is good, without stating where the trespass was in fact committed
McKenna v. Fisk, 1 How 241, 11 L.Ed. 117



(Pg 1 of 2)

A motion to dismiss concedes the truth of allegations of the complaint.
Icks v/ Fox 300 U.S. 82, 56 S.Ct. 412

For the purpose of a motion to dismiss a bill of complaint as failing to
state a cause of action, the allegations of the bill stand as admitted.
Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15

Facts appearing from the pleadings and by stipulation, in a suit to enjoin
the enforcement of a federal statute and to have it declared unconstitutional
are admitted for the purposes of a motion to dismiss the suit for want
of equity jurisdiction and of a justiciable case or controversy. Coffman
v. Breeze Corporations Inc., 323 U.S. 316, 65 S.Ct. 298

In determining whether a motion to dismiss a complaint was properly granted,
the facts alleged in the complaint must be taken as true. United States
v. Yellow Cab Co. 332 U.S. 218, 67 S.Ct. 1560

In determining the propriety of dismissing a complaint as failing to state
a cause of action, the material facts stand admitted as if they had been
proven. Mandeville Island Forms v. American Crystal Sugar Co., 334 U.S.
219, 68 S.Ct. 996

A motion to dismiss a complaint is deemed to admit the allegations of fact
made in the complaint. United States v. New Wrinkel Inc. 342 U.S. 371,
72 S.Ct. 350

On dismissal of a complaint by the District court, the allegations in the
complaint must be taken as true. United States v. International Boxing
Club, 348 U.S. 236, 75 S.Ct. 259

In determining the propriety of a dismissal of the complaint, the court
is bound to give the plaintiff the benefit of every reasonable inference
from well-pleaded facts. Retail Clerks International Asso. v. Schermerhorn,
373 US. 746, 83 S.Ct. 1461

In passing on a motion to dismiss, whether on the ground of lack of jurisdi-
ction over the subject matter or for failure to state a cause of action,
the allegations of the complaint should be construed favorably to the pleader.
Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683

For purposes of ruling on a motion to dismiss for want of standing, both
the trial and reviewing court must accept as true all material allegations
of the complaint. Warth v. Seldin, 442 U.S. 490, 95 S.Ct. 2197



(Pg 2 of 2)

As used in this Security Agreement, the following words and terms shall have the meanings ascribed to them in this section, non obstante.
From Black's Law Dictionary and Washington, Title 62A RCW, Uniform Commercial Code.

" Accommodation Party "   *See* Black's Law Dictionary, 6th ed.   *See also* Washington, RCW 62A.3-415 *and* Washington, RCW 62A.3-419.

" Account "   *See* Black's Law Dictionary, 6th ed. *See also* Washington, RCW 62A.4-104 (a) (1) *and* Washington, RCW 62A.9-106.

" Agent "   *See* Black's Law Dictionary, 6th ed.

" Agreement "   *See* Black's Law Dictionary, 6th ed. *See also* Washington, RCW 62A.1-201 (3)

" Artificial Person "   *See* Black's Law Dictionary, 7th ed. *See also* DUMMY CORPORATION and STRAWMAN. Also Washington, RCW 62A.1-201 (28).

" Bailee "   *See* Black's Law Dictionary, 6th ed. *See also* Washington, RCW 62A.7-102 (1) (a).

" Beneficiary "   *See* Black's Law Dictionary, 6th ed. *See also* Washington, RCW 62A.5-102 (1) (c). Also see *(Secured Party)*.

" Buyer "   *See* Black's Law Dictionary, 6th ed. *See also* Washington, RCW 62A.2-103 (1) (a).

" Charge back "   *See* Black's Law Dictionary, 6th ed. *See also* Surety *and* Washington, RCW 62A.4-212.

" Chattel Paper "   *See* Black's Law Dictionary, 6th ed. *See also* Washington, RCW 62A.9-105 (1) (b).

" Claim "   *means:* 1. Right to payment, whether or not such right is reduced to judgement, liquidated, unliquidated, fixed, or contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or right to an equitable remedy for breach of performance if such breach rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgement, fixed, contingent, matured, unmatured, diputed, indisputed, secured or unsecured. 2. To demand as one's own, challenge of property or ownership of a thing which is wrongfully withheld. *See* <u>Hill v. Henry</u>, 66 N.J. Eq. 150, 57 Atl. 555. Also a claim is to state. *See* <u>Douglas v. Beasley</u>, 40 Ala. 147;  <u>Prigg v. Pennsylvania</u>, 16 pet. 615, 10 L.Ed. 1060.

" Collateral "   *See* Black's Law Dictionary, 6th ed. *And* Washington, RCW 62A.9-105 (1) (c).

" Contract "   *See* Black's Law Dictionary, 6th ed. *And* Washington, RCW 62A.1-201 (11).

" Contract Right "   *See* Washington, RCW 62A.9-106.

" Creditor "   *mean* a person to whom a debt is owing by another person who is the "DEBTOR." One who has a right to require the fulfillment of an obligation or contract.  One to whom money is due, and, in ordinary acceptation, has reference to financial or business transactions. The antonym of "DEBTOR." *See also* Black's Law Dictionary, 6th ed. *And* Washington, RCW 62A.1-201 (12) *(Secured Party)*.

" Currency "   *See* Black's Law Dictionary, 7th ed.

" Derivatives "   *means* coming from another, taken from something preceding; · secondary.  That which has not its origin in itself, but owes its existence to something foregoing.  Anything obtained or deduced from another.  *See also* Black's Law Dictionary, 6th ed.

" Debt "   *See* Black's Law Dictionary, 6th ed. *See also* <u>Burke v. Boulder Milling & Elevator Co.</u>, 77 Colo. 230, 235 P. 574, 575 and <u>U.S. Sugar Equalization Board v. P. De Ronde & Co.</u>, C.C A.Del, 7 F.2d 981, 984.

" Debtor "   *means* THE ORGANIZATION named herein and any and all derivatives thereof; *See* Black's Law Dictionary, 6th ed. *And* Washington, RCW 62A.9-105 (1) (d).

" Delivery "   *See* Black's Law Dictionary, 6th ed. *And* Washington, RCW 62A.1-201 (14).

" Delegation of Performance "   *See* Washington, RCW 62A.2-210.

" Documents of Title "   *See* Washington, RCW 62A.1-201 (15) *and* Washington, RCW 62A.7-102 (1) (e) *and also* Washington, RCW 62A.9-105 (f). *See also* Black's Law Dictionary, 7th ed.

" Dummy Corporation "   *means* THE ORGANIZATION named herein and any and all derivatives thereof; an artificial person or legal entity created by or under the authority of the laws of a state or nation, composed, in some rare instances of a single person (such as the DEBTOR).  " The corporation is distinct from the individual or individuals who comprise it."  Such entity subsists as a body politic under a special denomination, which is regarded in law as having a personality and distinct of its several members.  *See* <u>Dartmouth College v. Woodward</u>, (4 Wheat), 518 636,657, 4 L.Ed 629;  <u>U.S. v Trinidad Coal Co.</u>, 137 U.S. 160, 11 S.Ct. 57, 34 L.Ed. 640;  <u>Andrews Bros. Co. v. Youngstown Coke Co.</u>, 86 F.585, 30 C.C.A. 293;  <u>Porter v. Railroad Co.</u>, 76 Ill. 573;  <u>Nebraska Wheat Grower's Ass'n v. Smith</u>, 115 Neb. 177, 212 N.W. 39,44;  <u>State v. Thistle Down Jockey Club</u>, 114 Ohio St. 582, 151 N.E. 709, 711;  <u>Congdon v. Congdon</u>, 160 Minn. 343, 200 N.W. 76, 87;  <u>Forest City Mfg. Co. v. International Ladies' Garment Workers' Union Local No. 104</u>, 233 Mo.App 935, 111 S.W.2d 934;  <u>in re Crown Heights Hospital</u>, 183 Misc. 563, 49 N.Y.S.2d 658, 660;  <u>Froelich and Kuttner, of Manila, P.I., v. Sutherland</u>, 57 App.D.C. 294, 22 F.2d 870, 872. And also "in rare instances where it lists a single person (such as the DEBTOR) this would be considered a corporation sole, which consists of only that one person only and his successors, in some particular station, who are incorporated by law in order to give them some legal capacities and advantages, particularly that of perpetuity, which in their natural persons they could not have." (or in the present situation, to give them some legal capacity or advantage of dealings in the government commercial activities which in their natural persons they could not have.)  *See* Step.Comm., 168, 169;



First Parish v. Dunning, 7 Mass.____; Reid v. Barry, 93 Fla. 849, 112 So. 84__9. The court cases also state that a corporation may exist as Domestic and or Foreign, with reference to the law and the courts of any given state, a "domestic" corporation is one created by, or organized under, the laws of that state; a "foreign" corporation is one created by or under the laws of another state, government, or country. (As in the present situation of a U.S. corporation in Puerto Rico, see (BMF) Business Master File.) In re Grand Lodge, 110 Pa. 613, 1A 582; Fowler v. Chillingworth, 94 Fla. 1, 113 So. 667, 669; in re Ewles' Estate, 105 Utah 507, 143 P.2d 903, 905. They also state that, "A Corporation de facto is one existing under the color of law and in pursuance of an effort made in "good faith" to organize a corporation under the statute; an association of men claiming to be a legally incorporated company, and exercising the powers and functions of a corporation, but without actual lawful authority to do so." See Foster v. Hare, 26 Tex. Civ.App 177, 62 S.W. 541; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234, 91 N.W. 1081; Tulare Irrig. Dist. V. Shepard, 185 U.S. 1, 22 S.Ct. 531, 46 L.Ed. 773; Evans v. Anderson, 132 Minn. 59, 155 N.W. 1040, 1041. The fictitious named (DEBTOR), a strawman, or dummy corporation created by the government without knowledge or intent of the natural person (Secured Party), only exists under the color of law and claiming only to be legally incorporated for the purpose of commerce, and exercising the powers and functions of a corporation, without actual lawful authority to do so, but strictly for the benefit of the government and its commerce. The government shows the capital letter spelling of the DEBTOR name when they created the "fictitious named" corporation, due to the need of a specific name required for each separate legal entity's identification. Therefore, when a corporation is constructed, a name is always given to it, or supposing to be actually given, will attach to it by implication, and by that name alone it must sue and be sued, and do all legal acts, though a very minute variation therein is not material, and the name is capable of being changed (by competent authority) without affecting the identity or capacity of the corporation. See Wharton on Corporations. See also Black's Law Dictionary, 6th ed.

" Duty of Care; Contractual Limitation " See Washington, RCW 62A.7-204.

" Entrusting " See Washington, RCW 62A.2-403.

" General Intangibles " See Black's Law Dictionary, 6th ed. And Washington, RCW 62A.9-106.

" Goods " See Black's Law Dictionary, 6th ed. And Washington, RCW 62A.2-105, RCW 62A.9-105 (1) (h), and RCW 62A.9-109.

" Incapacity " See Black's Law Dictionary, 6th and 7th ed. See also Washington, RCW 62A.3-305 (b) (1).

" Indemnities " See Washington, RCW 62A.5-113.

" Indemnity " means a collateral contract or assurance by which one person engages to secure another against an anticipated loss or to prevent him from being damnified by the legal consequences of an act or forebearance on the part of one of the parties or of some third person. See Nat'l Bank of Tifton v. Smith, 142 Ga. 663, 83 S.E. 526, 528 L.R.A. 1915B, 116. See also Black's Law Dictionary, 7th ed.

" Instrument " See Black's Law Dictionary, 6th ed. See also Washington, RCW 62A.3-104 and RCW 62A.9-105 (1) (I).

" Item " means part or parts of a whole. See also Washington, RCW 62A.4-104 (a) (9).

" Juristic Person " Site UNITED STATES V. SCOPHONY CORP. 69 F.SUPP 666, " From earliest times the law has enforced rights and exacted liabilities by utilizing a corporate concept – by recognizing , that is, Juristic Persons other than Human Beings. The theories by which this mode of legal operation has developed, has been justified, qualified, and defined are the subject-matter of a very sizable library. The historic roots of a particular society, economic pressures, philosophic notions, all have had their share in the law's response to the ways of men carrying on their affairs through what is now the familiar device of the Corporation –––– Attribution of legal rights and duties to a JURISTIC PERSON other than man is necessarily a metaphorical process. And none the worse for it. No doubt, "Metaphors in law are to be narrowly watched," Cardozo J., in Berkey v. Third Avenue R. Co., 244 N.Y. 84, 94. But all instruments of thought should be narrowly watched lest they be abused and fail in their service to reason." Also see DEBTOR, DUMMY CORPORATION, and ARTIFICIAL PERSON.

" Liability " means every kind of legal obligation, responsibility, or duty. Also the state of being bound or obliged in law or justice to do, pay, or make good something. See Mayfield v. First Nat'l Bank of Chattanooga, Tenn. C.C.A. Tenn., 137 F.2d 1013, 1019; Feil v. City of Coer d' Alene, 23 Idaho 32, 129 P. 643, 649, 43 L.R.A. N.S. 1095; Breslaw v. Rightmire, 196 N.Y.S. 539, 541, 119 Misc. 833. See also Black's Law Dictionary, 6th ed.

" Money " means the medium of exchange authorized or adopted by a government as part of its currency. See also Washington, RCW 62A.1-201 (24).

" Natural Person " means a human being, as distinguished from an artificial person created by law, refers to the Secured Party named herein. See Black's Law Dictionary, 7th ed.

" Negotiable " means capable of being transferred by indorsement or delivery so as to pass to holder the right to sue in his own name and take free of equities against assignor payee. Fischbach & Moore v. Philadelphia Nat. Bank, 134 Pa. Super. 84, 3 A.2d 1011, 1012. See also Black's Law Dictionary, 4th ed. And also Washington, RCW 62A.7-501 and RCW 62A.7-502.

" Non Negotiable " means not negotiable, not capable of passing title or property by indorsement or delivery. Any document of title that is not a negotiable instrument. An instrument which may not be transferred by indorsement or delivery or by delivery alone, though it may be assigned. The transferee does not become a holder unless it is negotiated. Compare Negotiable. See Black's Law Dictionary, 7th ed. See also Washington, RCW 62A.7-501 and RCW 62A.7-502.

## RESPONDENTS TO CIVIL ACTION

### "DEFENDENTS"

MICHEAL MAKUSKI
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001


Micheal T. Shelby   d/b/a
Ass.-U.S. Attorney
% U.S. Attorney's Office
Hwy 83 West & 17 1/2 Street
McAllen, Texas 78502


Hilda Tagle   d/b/a
Judge of District Court
600 East Harrison Street
Brownsville, Texas 78520


Micheal Milby   d/b/a
Clerk of the Court
600 East Harrison Street
Brownsville, Texas 78520


### Petitioner / Affiant


Carlos Jorge Hinojosa
Federal Correctional CAMP
34033-179
P.O. Box 629
Bastrop, Texas 78602

Home Address:
Carlos Jorge Hinojosa
309 East Liberty DRive
Mercedes, Texas 78570



| | |
|---|---|
| **1** | Letters from Clerk of The Court Requesting Proof/evedence that Rule 6(c) was exicuted |
| **2** | Affidavit of Corporate Denial Default with Oppertunity to Cure Affidavit of Default |
| **3** | Certificate of Non-Respondent by a 3rd Party Notary Witness |
| **4** | Original filings of Affidavits in Jan. 2007 to May 2007 See front Page for I.D. |
| **5** | 3rd Party Witness of Non-Responds from Resondents |
| **6** | Affidavit of Truth-Secured Party UCC-1_Finn. Statement International Remedy/Acc.4 Value |
| **7** | Default with Oppertunity to Cure Notice of Default Notarial Certificate of Non-Respond |
| **8** | Notice of Default and Judgement Contract & Intern. Tribunal Judgement of Default |
| **9** | Affidavit of Default by Printed Medina Notice (News Paper) Documents enclosed |
| **10** | Affidavit of Innocents Filed in Texas |
| **11** | Sovereign Documentation from Common Law Court Affidavit signed by 12 Justices |
| **12** | Civil Codes of Texas Rule 52 & 93 Civil Codes of Louisiana 445 &429 and Denial Of Corpoate Existance |
| **13** | **Judgement and Imprisonment** |
| **14** | |
| **15** | |

Attachments enclosed:    Proof or Evidence enclosed by Consentual Agreement

1) Letters from the Clerk of The Court in responds to requested proof that Rule 6(c) was exicuted and file. **I deny they exist**.
2) Affidavit of Denial of Corporate Existance.
   a) Affidavit of Default with Oppertunity to Cure
   b) Affidavit of Default
3) Certificate of Non-Responds / Accepted and Agreement by 3rd Party witness
4) Original Filings of Affidavits of Truth (in January 2007 to May 2007)
   a) Affidavit of Corporate Denial of Existance
   b) Affidavit of Default with Oppertunity to Cure
   c) Affidavit of Default
5) Certificate of Non-Responds by 3rd party witness (a Notary)
6) Affidavit of Truth / Secured Party Notice
   a) UCC-1 Statement Filing (Texas I.D.# 70005490439)
   b) Commercial Affidavit for International Administrative Remedy/ Acceptance for Value
   c) Notice of Written Communication/Security Agreement
   d) OFFER: Respondent's Private International Remedy Demand,
   e) Offer of Preformance,
   f) Certified Promissory Note ($6,659,594.00)
   g) Verification of Tender of Payment
   h) Debit Collector Disclosure Statement
   i) Copy of UCC-1-Finnacial Statement
   j) Certification of Copy by Doument Custodian
   k) Affidavit of Mailing
7) NOTICE of Default/Refusal and Dishonor with Expressed Oppertunity to Cure
   a) Notice of Default and entry for a Notarial Certificate of Non-Responds
8) Affidavit of Notice of Dishonor with Certificate of Protest
   a) Affidavit of Default and entery for Default Judgement
   b) Notice to Contract and International Tribunal Judgement of Defualt
9) Public Notice of Default (by Media / News Paper)
   a) Copy of News Paper
   b) Letter of Affidavit of printing 3 times over a 3 week period
   c) Affidavit of Proof letter
10) Affidavit of Innocents filed in TExas Court on March 27,2007
11) Sovereign Doumentation on Carlos Jorge: Hinojosa from a Common Law Court
   a) Affidavit signed by 12 Justices
   b) Notice of Expatriation  and actual Notice of Itinere Status, Sovereignty Finding of Facts
   c) Apostille signed filed and recored by the Secutary of the State in Nevada
12) Civil Codes of Texas Rules 52 and 93
   a)  Civil Codes of Louisiana ART. 445 and ART. 429
   b)  Denial of Corporate Existance
13) Judgment and Imprisonment

### *UNITED STATES DISTRICT COURT*
### *FOR THE DISTRICT OF COLUMBIA*

**CARLOS JORGE HINOJOSA**

Plaintiff(s),

vs.

**MICHAEL MAKUSKI ET AL.,**

Defendant(s).

Civil Case No: 08-CV-1072- HHK

## NOTICE REGARDING BULKY EXHIBIT

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that an exhibit  has been filed in paper form in the Clerk's Office. It is available for public viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

**NANCY MAYER-WHITTINGTON**

Clerk Terri C Barrett

**Date:** June 25, 2008

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Carlos Jorge: Hinojosa
pro per

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro - Per

**DEFENDANTS**  MICHEAL MAKUSKI  et al.

UNITED STATES ATTORNEY GENERAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 99999
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
T

Case: 1:08-cv-01072
Assigned To : Kennedy, Henry H.
Assign. Date : 6/20/2008
Description: Civil Rights-Non-Employ.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

**\* The State is a Party**

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☒ F. Pro Per**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☒ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☒ K. *Labor/ERISA (non-employment)* | ☒ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

| ☒ ORIGIN | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed<br>from State<br>Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated<br>or Reopened | ☐ 5 Transferred from<br>another district<br>(specify) | ☐ Multi district<br>Litigation | ☐ 7Appeal to<br>District Judge<br>from Mag.<br>Judge |

**\*\*File in the District Court of The United States (Article III Court)**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42USC1983    Ferderal R. Civ. Pro.  60 (b) (4)  Void Judgement

**VII. REQUESTED IN    CHECK IF THIS IS A CLASS        DEMAND $**    Check YES only if demanded in complaint
  **COMPLAINT**    ☐    ACTION UNDER F.R.C.P. 23        **JURY DEMAND:** ☐ YES    ☐ NO

**VIII. RELATED CASE(S)    (See instruction)**
  **IF ANY** N.O.    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE  6/20/06        SIGNATURE OF ATTORNEY OF RECORD    NOT SIGNED

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.